**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-cv-22106-JB**

HUBERT DOLLINS,

Plaintiff,

v.

MEDSMART WELLNESS CENTERS, INC.,

Defendant.
_______________________________________/

**ORDER DENYING MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court on Defendant MedSmart Wellness Centers, Inc.'s Motion to Set Aside Default and Default Final Judgment (the "Motion"). ECF No. [17]. Plaintiff Hubert Dollins filed a Response in Opposition to the Motion. ECF No. [18]. No Reply has been filed, and the time to do so has passed. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the relevant legal authorities, for the reasons explained below, the Motion is **DENIED**.

## I. BACKGROUND

On May 7, 2025, Plaintiff filed the instant action, asserting two claims against Defendant: breach of a promissory note and, in the alternative, unjust enrichment. ECF No. [1] ¶¶ 19–31. In the Complaint, Plaintiff alleges that the parties had agreed on terms of a loan. *Id.* ¶ 8. Consistent with those terms, Plaintiff loaned Defendant

$100,000 on or around February of 2024. *Id.* ¶¶ 8–10. On February 9, 2024, Defendant executed a twelve-month "Contingent Convertible Note" (the "Note"), evidencing the loan and its repayment obligations. *Id.* ¶¶ 9–10, 13. Pursuant to the terms of the Note, Defendant's obligations included, among others, (1) the obligation to pay $100,000 to Plaintiff (as the holder of the Note); and (2) the obligation to pay simple interest at a rate of 15% per annum, accrued monthly in increments of 1.25% for no longer than 12 months. *Id.* ¶ 10. The Note also specified that an "Event of Default" would occur if the Defendant was in "default for [thirty] days in payment of interest on the [N]ote, or a default in payment, when due." *Id.*

According to the Complaint, Defendant had not made any payments of principal or interest to Plaintiff. *Id.* ¶ 13. Thus, on March 4, 2025, Plaintiff, through his counsel, sent a written notice of default to Defendant, advising that the Note was in default and that Plaintiff was demanding repayment for all principal and accrued interest due and owing. *Id.* ¶ 14. Plaintiff alleges that, the next day, Defendant responded in writing and "acknowledge[d] the debt and sincerely regretted any difficulties that have led to this situation." *Id.* ¶ 15. Plaintiff further alleges that Defendant also acknowledged the owed principal and accrued interest in a letter sent on or around January 18, 2025. *Id.* According to Plaintiff, "[d]espite acknowledging the existence of the debt to [Plaintiff] and its obligations to repay the debt, [Defendant] has failed to repay any principal or interest, and the Note remains in default." *Id.* ¶ 16.

On June 18, 2025, the Court granted Defendant's Unopposed Motion for an Extension of Time to Respond to Plaintiff's Complaint, giving Defendant until July 18, 2025, to respond to the Complaint. ECF Nos. [6], [7]. On July 30, 2025, the Court granted Defendant's second Unopposed Motion for an Extension of Time to Respond to Plaintiff's Complaint, giving Defendant until August 4, 2025, to respond to the Complaint. ECF Nos. [9], [10].

On August 5, 2025, after Defendant did not answer or otherwise respond to the Complaint, Plaintiff moved for Clerk's Entry of Default. ECF No [12]. After the Clerk's entry of default, ECF No. [13], Plaintiff filed a Motion for Default Judgment against Defendant, ECF No. [14]. On August 29, 2025, the Court granted Plaintiff's Motion for Default Judgment, ECF No. [15], and entered a Final Judgment Plaintiff's favor, ECF No. [16].

On September 18, 2025, Defendant filed the instant Motion, seeking vacatur of the Court's Order granting the Motion for Default Judgment and the Final Judgment. ECF No. [17]. As grounds for the relief sought, Defendant asserts that "excusable neglect is present" and that "Defendant has a meritorious defense." *Id.* ¶¶ 7–8. Attached to the Motion is Defendant's proposed answer and affirmative defenses to the Complaint. ECF No. [17]. In his Response to the Motion, Plaintiff argues that the Motion should be denied because Defendant has no meritorious defense to defeat Plaintiff's claim. ECF No. [18] at 5–7. Plaintiff further argues that Defendant has failed to demonstrate good cause for failing to respond to the Complaint and failed to

make any showing that Plaintiff will not suffer prejudice if the default judgment is set aside. *Id.* at 7–9.

## II. LEGAL STANDARD

"[A] party seeking to set aside a court's entry of default judgment 'must proceed under Federal Rule of Civil Procedure 60(b).'" *Davila v. Alcami Grp., Inc.*, No. 12—cv-23168, 2013 WL 1934168, at *3 (S.D. Fla. May 9, 2013) (quoting *J & M Assocs., Inc. v. Callahan*, No. 07–0883–CG–C, 2011 WL 5553696 (S.D. Ala. Nov. 15, 2011)). Defaults are disfavored in federal court because of the strong policy of determining cases on their merits. *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). "By its very nature, [Rule 60(b)] seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014).

The Court may set aside a default judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). To set aside a default judgment under Rule 60(b)(1), the defaulting party must show: (1) it had a meritorious defense that might have affected the outcome; (2) good reason existed for failure to respond to the complaint; and (3) granting the motion would not prejudice the opposing party. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

"The moving party must establish a meritorious defense 'by a clear and definite recitation of the facts.'" *Grant v. Pottinger-Gibson*, No. 15-cv-61150, 2016 WL 867111, at *1 (S.D. Fla. Mar. 7, 2016) (quoting *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987)), *aff'd,* 725 F. App'x 772 (11th Cir. 2018). "A general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient." *Grant*, 2016 WL 867111, at *2 (quoting *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007)). Rather, the moving party "must make an affirmative showing of a defense that is likely to be successful." *Grant*, 2016 WL 867111, at *2 (quoting *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986)).

## III. ANALYSIS

While Defendant asserts that it has meritorious defenses, none are likely to be successful if the case were to be adjudicated. As an initial matter, Defendant's single conclusory statement that it has meritorious defenses, does not, by itself, rise to an "affirmative showing of a defense that is likely to be successful." *Grant*, 2016 WL 867111, at *2 (quoting *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133). Indeed, the law requires that a party moving to set aside a default judgment establish a meritorious defense "by a clear and definite recitation of the facts." *Am. Credit Acceptance, LLC v. Magic Auto Sales Corp.*, No. 18-cv-25468, 2019 WL 3940560, at *2 (S.D. Fla. Aug. 21, 2019). Beyond Defendant's conclusory statement, Defendant's proposed answer and affirmative defenses likewise fall short of this standard.

Beginning with Defendant's proposed answer, Defendant's list of general denials of Plaintiff's allegations are insufficient to establish a meritorious defense,

ECF No [17] ¶¶ 1–31, as Defendant's denials lack a clear and definite recitation of the facts. *Am. Credit Acceptance, LLC*, 2019 WL 3940560, at *2; *see also Simmons*, 241 F. App'x at 664 (explaining that the defendant "merely filed an answer to the [plaintiff]'s complaint that contains general denials of the [plaintiff]'s allegations, which is not enough to show a meritorious defense").

Next, Defendant's affirmative defenses are also insufficient to establish a meritorious defense against Plaintiff's suit to enforce a promissory note. Under Florida law, "[t]he elements of breach of promissory note are (1) a valid contract; (2) a material breach; (3) damages; and (4) that plaintiff is the owner and holder of the note. *Franquiyama Holdings, Inc. v. Tamayo*, No. 19-cv-23344, 2020 WL 4279896, at *5 (S.D. Fla. June 2, 2020). Here, Plaintiff alleges that (1) the Note is a valid contract under and governed by the laws of the State of Florida; (2) Defendant materially breached by failing to pay amounts due under the Note as they became due; (3) Plaintiff suffered monetary damages from the outstanding principal and interest; and (4) Plaintiff was the owner and holder of the Note. *See* ECF No. [1] ¶¶ 19–24. Critically, Defendant admits that it failed to make any payments on the Note owed to Plaintiff. ECF No. [1] ¶ 13 ("The Note is dated as of February 9, 2024, and [Defendant] has not made any payments of principal or interest to [Plaintiff]."); ECF No. [17-1] ¶ 13 (admitting to allegations set forth in paragraph 13 of the Complaint); *see also* ECF No. [1] ¶¶ 11–12 ("The Note also provided a conversion feature, whereby at [Plaintiffs'] election, [Plaintiff] could convert any outstanding indebtedness to equity in MedSmart. … [Plaintiff] expressly elected, in written correspondence with

[Defendant], not to convert the debt into equity and instead to enforce his rights to repayment of the loaned amount plus accrued interest."); ECF No. [17-1] ¶¶ 11–12 (admitting to allegations set forth in paragraphs 11 and 12 of the Complaint). Accordingly, Defendant's affirmative defenses are futile because they are unlikely to affect the outcome of the case. *See Am. Credit Acceptance, LLC*, 2019 WL 3940560, at *2.

In sum, the Court finds that neither the Motion, nor the proposed answer and affirmative defenses, demonstrate that a defense is likely to be successful.[1] Therefore, there is no basis for the Court to set aside the default judgment.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Motion, ECF No. [17], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 14th day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT COURT JUDGE**

[1] Given that the Court has found that Defendant has failed to establish a meritorious defense, the Court declines to consider whether good reason existed for failure to respond to the Complaint or whether Defendant has established that Plaintiff will not suffer any prejudice if the default judgment is set aside.